# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Dependency of:<br><br>J.W., A.W., and D.W., Jr.<br><br>                            Minor Children. | No.  51060-0-II<br>consolidated with<br>No. 51070-7-II<br>and<br>No. 51064-2-II<br><br><br>UNPUBLISHED OPINION |

MELNICK, J. — DW, the father of three minor children, appeals the denial of his motion that sought to invalidate an order of dependency. DW makes numerous arguments on appeal. Because we conclude that the case is moot, we affirm.

## FACTS

In 2014, after conferring with his lawyer, DW signed a declaration and stipulated to the entry of an agreed order of dependency. The trial court then entered an agreed order of dependency as to his children: JW, AW, and DW, Jr.

Approximately three years later, DW filed a motion to vacate the agreed order of dependency. The motion alleged that he had received ineffective assistance of counsel in 2014 when he agreed to the order of dependency. The court denied the motion, and DW filed this timely appeal. He raises numerous issues.

Subsequently, after a trial, the court terminated DW's parental rights. To establish

dependency as an element of termination, the court relied on the 2014 agreed order of dependency.

The court also entered the following findings of fact:

> 5. . . . [DW] suffers from a mental condition[1] that is not likely to change and is not amenable to treatment. As a result of this mental condition, [DW] has no active conscience and is manipulative for his own ends. He is manipulative, even when it is not in the three children's best interest.
> 6. As a result of his mental condition, and his untreated chemical dependency issues, [DW] is not currently fit to parent [the three children].
> 7. As a result of his sentence, [DW] is also not available to parent his children. . . .
> 8. . . . [DW's] mental condition is not likely to change for several decades. Accordingly, offering [DW] additional services would be futile.
> 9. . . . [T]here is little likelihood that conditions will be remedied so that the child can be returned to the parent in the near future.

Clerk's Papers (CP) at 993.

## ANALYSIS

The Department of Children, Youth, and Families (the Department) argues that under *In*

*re Dependency of K.N.J.*, 171 Wn.2d 568, 257 P.3d 522 (2011), DW's appeal is moot. We agree.

"A case is moot if a court can no longer provide effective relief." *SEIU Healthcare 775NW*

*v. Gregoire*, 168 Wn.2d 593, 602, 229 P.3d 774 (2010). "The general rule is that moot cases

should be dismissed." *State v. Cruz*, 189 Wn.2d 588, 597, 404 P.3d 70 (2017). "'The central

question of all mootness problems is whether changes in the circumstances that prevailed at the

beginning of litigation have forestalled any occasion for meaningful relief.'" *City of Sequim v.*

*Malkasian*, 157 Wn.2d 251, 259, 138 P.3d 943 (2006) (quoting 13A CHARLES ALAN WRIGHT,

ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3533.3, at 261

(2d ed. 1984)).

---

[1] The court found that DW was a sociopath.

Here, we decide if the case is moot based on whether invaliding the order of dependency, the relief DW seeks, provides him any effective relief because his parental rights have been terminated.

In order to terminate the parent-child relationship, the State must prove, among other elements, "[t]hat the child has been found to be a dependent child." RCW 13.34.180(1)(a). Each element "must be proved by clear, cogent, and convincing evidence." *K.N.J.*, 171 Wn.2d at 576-77.

A "dependent child" is any child who:

> (a) Has been abandoned;
> (b) Is abused or neglected as defined in chapter 26.44 RCW by a person legally responsible for the care of the child;
> (c) Has no parent, guardian, or custodian capable of adequately caring for the child, such that the child is in circumstances which constitute a danger of substantial damage to the child's psychological or physical development; or
> (d) Is receiving extended foster care services, as authorized by RCW 74.13.031.

RCW 13.34.030(6).

In *K.N.J.*, a father appealed the trial court's termination of his parental rights. 171 Wn.2d at 573. The father argued that the trial court never established dependency because the order of dependency was void. *K.N.J.*, 171 Wn.2d at 574, 578. Thus, the father argued that the trial court improperly terminated his parental rights because the termination improperly relied on a void order of dependency. *K.N.J.*, 171 Wn.2d at 574.

The court agreed with the father that the order of dependency was void. *K.N.J.*, 171 Wn.2d at 578. Consequently, the court recognized that, to uphold the finding of termination, it could not "rely on the termination trial court's finding that [the child was] dependent because the court

simply relied on the void dependency order." *K.N.J.*, 171 Wn.2d at 582. Nonetheless, the court affirmed the termination because independent findings of fact entered at the termination hearing sufficiently established the child's dependency by clear, cogent, and convincing evidence. *K.N.J.*, 171 Wn.2d at 582, 584-85.

Because dependency is an element of termination, the court in *K.N.J.* allowed the father to challenge the termination of his parental rights by challenging the previously issued order of dependency. 171 Wn.2d at 574. However, the court in *K.N.J.* also recognized that if independent findings of fact at the termination trial established dependency by clear, cogent, and convincing evidence, then invalidating the order of dependency provided the father no relief. 171 Wn.2d at 582, 584.

Here, independent findings of fact establish dependency. Following the termination of DW's parental rights, the trial court entered the following findings of fact: "[DW] suffers from a mental condition that is not likely to change and is not amenable to treatment"; "[DW] has no active conscience and is manipulative . . . even when it is not in the three children's best interest"; "[a]s a result of his mental condition, and his untreated chemical dependency issues, [DW] is not currently fit to parent [the three children]"; "[a]s a result of his sentence, [DW] is . . . not available to parent his children"; and "[DW's] mental condition is not likely to change for several decades." CP at 993.

The trial court's findings show, by clear, cogent, and convincing evidence, that DW is not capable of adequately caring for his children. *See* RCW 13.34.030(6). Accordingly, DW's appeal is moot because voiding the dependency order would have no effect on the termination of his parental rights.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

 

Melnick, J.

We concur:

Maxa, C.J.

Sutton, J.